NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LOPEZ GARCIA NEWHALL, *Petitioner.*

No. 1 CA-CR 13-0349 PRPC
FILED 11-13-2014

Petition for Review from the Superior Court in Navajo County
No. S0900CR97000410
The Honorable Robert B. Van Wyck, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Galen Wilkes
*Counsel for Respondent*

Arizona Justice Project, Tempe
By Lindsay Herf
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann, Judge Michael J. Brown and Judge Kenton D. Jones delivered the following decision.

**PER CURIAM**:

¶1        Petitioner Lopez Garcia Newhall petitions this court to review the dismissal of his petition for post-conviction deoxyribonucleic acid (DNA) testing.  We have considered his petition and, for the reasons stated, grant review and relief.

**BACKGROUND**

¶2        In 2000, a jury convicted Newhall of one count of kidnapping and ten counts of sexual assault.  The trial court sentenced him to an aggregate term of 250 years' imprisonment and this Court affirmed his convictions and sentences on direct appeal.  *State v. Newhall*, 1 CA-CR 00-0318 (Ariz. App. Feb. 19, 2002) (mem. decision).  Thereafter, Newhall filed petitions for post-conviction relief in 2002 and 2005, both of which were dismissed by the trial court.

¶3        In December 2012, Newhall filed a petition for post-conviction DNA testing pursuant to Arizona Revised Statutes (A.R.S.) section 13-4240.[1]  Newhall sought DNA testing of four samples of previously untested substances obtained from the victim's body during a physical examination of the victim shortly after the incident.  Newhall argued one or more of these samples likely contained skin cells from the victim's assailant.  He further argued that the science of DNA testing had advanced sufficiently to permit identification of a person through DNA obtained from skin cells, a capability that did not exist at the time of the original investigation and prosecution of his case.  Newhall had also arranged to pay for the tests so the State would bear no expense.

¶4        The trial court denied Newhall's motion.  Paraphrasing the language of A.R.S. § 13-4240(B)(1) and quoting the language of A.R.S. § 13-4240(C)(1)(a), the court held there was no reasonable probability Newhall "would not have been prosecuted or convicted in this matter if exculpatory results [we]re obtained from additional DNA testing," nor any reasonable

_____

[1] Absent material changes from the relevant date, we cite the current version of a statute unless otherwise stated.

2

probability that "[Newhall's] guilty verdict or sentence would have been more favorable if exculpatory results from additional DNA testing had been available at the trial leading to the judgment of conviction." Newhall now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and A.R.S. § 13-4239(C). We review the denial of post-conviction relief for abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986).

## DISCUSSION

**¶5** Newhall sought DNA testing pursuant to both A.R.S. § 13-4240(B) and (C). Subsection B provides that a trial court "shall" order DNA testing if the court finds "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through [DNA] testing." A.R.S. § 13-4240(B)(1). Subsection C provides the trial court "may" order DNA testing if the court finds "[t]he petitioner's verdict or sentence would have been more favorable if the results of [DNA] testing had been available at the trial leading to the judgment of conviction."[2] A.R.S. § 13-4240(C)(1)(a).

**¶6** The trial court abused its discretion when it failed to order DNA testing pursuant to A.R.S. § 13-4240(B). First, DNA testing could produce exculpatory evidence. The results of DNA testing need not be "completely exonerating" to be exculpatory. *State v. Gutierrez*, 229 Ariz. 573, 578, ¶ 28, 278 P.3d 1276, 1281 (2012). Evidence is "exculpatory . . . if it is generally favorable to the accused's defense," *United States v. Geames*, 427 F.3d 1333, 1336 (10th Cir. 2005), or if it simply "contradict[s] the Government's evidence against the accused." *United States v. Quinn*, 728 F.3d 243, 262-63 (3rd Cir. 2013). DNA test results that identify another individual or suggest the presence of another individual would be favorable to Newhall's case. Alternatively, DNA test results that fail to identify Newhall or otherwise suggest Newhall's presence would also be favorable to his case.

**¶7** Second, there is a "reasonable probability" the jury would not have convicted Newhall if exculpatory results had been obtained through

---

[2] The State did not dispute below that Newhall satisfied the other factors necessary to either require or permit DNA testing. *See* A.R.S. § 13-4240(B)(2)-(3) (requiring the evidence must still exist, must be in a condition to permit DNA testing, and must not have been previously subjected to DNA testing in general or "subjected to the testing that is now requested and that may resolve an issue not previously resolved by the previous testing"); A.R.S. § 13-4240(C)(2)-(3) (same).

DNA testing. A "reasonable probability" is defined as more than "a mere possibility" but less than "more likely than not." *State v. Vickers*, 180 Ariz. 521, 527, 885 P.2d 1086, 1092 (1994) (quoting *State v. Lee*, 142 Ariz. 210, 214, 689 P.2d 153, 157 (1984)). Therefore, Newhall need not establish it is "more likely than not" that a jury would not have convicted him, but only that it is more than a "mere possibility." Newhall has done so.

**¶8** While the State argues the strength of the victim's identification of Newhall as her attacker and the presence of his single, partial latent fingerprint on the victim's telephone would trump any favorable results from additional DNA testing, a jury is free to credit or discredit evidence, and no one can determine what a reasonable jury will ultimately believe. *See State v. Bronson*, 204 Ariz. 321, 328, ¶ 34, 63 P.3d 1058, 1065 (App. 2003). This is especially true if DNA evidence favorable to a defendant is offered in opposition to the State's case. DNA evidence can be powerful and persuasive. *McDaniel v. Brown*, 558 U.S. 120, 136 (2010). Despite the strength of the other evidence, there is more than a mere possibility that DNA evidence favorable to Newhall could persuade a jury to find the State failed to prove Newhall's guilt beyond a reasonable doubt. This is not to say, however, that Newhall's convictions are now in doubt. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 62 (2009) ("The availability of technologies not available at trial cannot mean that every criminal conviction, or even every criminal conviction involving biological evidence, is suddenly in doubt."). We find only that Newhall has met the requirements set forth in A.R.S. § 13-4240(B).

**¶9** Because the trial court abused its discretion when it failed to order DNA testing pursuant to A.R.S. § 13-4240(B), we grant review and relief, and remand for proceedings consistent with this memorandum decision.[3]

Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[3] Based upon our conclusion, we need not address whether there is a reasonable probability the State would not have prosecuted Newhall if exculpatory results had been obtained through DNA testing, or whether the court should have ordered testing pursuant to A.R.S. § 13-4240(C).